# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **T.H.**

**No. 19-1098** (Monongalia County 19-JA-8)

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father A.H., by counsel Kristen D. Antolini, appeals the Circuit Court of Monongalia County's November 1, 2019, order terminating his parental rights to T.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Maria A. Borror, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without providing him additional time to remedy the conditions of abuse and neglect.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2019, the DHHR filed an abuse and neglect petition against petitioner and T.H.'s mother alleging that the child was born drug-exposed. The petition alleged that petitioner had previously had his rights to other children involuntarily terminated after leaving his children unsupervised in the care of an eleven-year-old. The petition further alleged that he failed to complete an improvement period in the prior proceedings, and, therefore, had his parental rights terminated for lack of substantial compliance and participation. Finally, the petition alleged that petitioner lacked stable and suitable housing, admitted to using methamphetamine until he was

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

incarcerated, and failed to provide for T.H.'s needs.[2] The circuit court held a preliminary hearing and found probable cause that T.H. was at risk of imminent danger and ratified his removal.

At a multidisciplinary team meeting in February of 2019, petitioner's visitation with the child was suspended because of his non-compliance with drug screening and missed visits. Petitioner was then incarcerated for unrelated criminal charges on May 31, 2019. The circuit court held an adjudicatory hearing in August of 2019, during which it adjudicated petitioner as an abusing parent. At the time of the adjudicatory hearing, petitioner's visitation was still suspended, and his incarceration prevented compliance with other services.

In October of 2019, the circuit court held a final dispositional hearing. Petitioner was incarcerated and did not appear in person but was represented by counsel. At the hearing, petitioner moved for a post-dispositional improvement period. The DHHR and guardian opposed petitioner's requested improvement period and moved for his parental rights to be terminated. The DHHR and guardian alleged that petitioner had not participated in the proceedings, except for a few supervised visits at the beginning, and that he had been incarcerated for the majority of the proceedings. Further, a DHHR caseworker testified that petitioner failed to correct the conditions that led to his prior involuntary termination of parental rights. Specifically, the caseworker testified that petitioner was using controlled substances which, in part, led to the prior involuntary termination of his parental rights. The DHHR argued that petitioner continued to abuse drugs, was non-compliant with testing, and that his incarceration on May 31, 2019, prevented compliance with other services. Petitioner admitted at the dispositional hearing that his incarceration stemmed from various charges related to his substance abuse. Additionally, the DHHR and guardian alleged that petitioner's prior involuntary termination also stemmed from his failure to participate in services during his prior improvement period. The DHHR argued that petitioner failed to correct those conditions by failing to comply with drug testing as well as visitation with the child. A report by the guardian indicated petitioner had not visited with the child since February 19, 2019, when his visitation was suspended. Based upon this evidence, the circuit court found that petitioner had "not remedied the conditions that led to the filing of the [p]etition" and that there was no reasonable likelihood he could substantially correct the conditions of abuse and neglect. Accordingly, the circuit court terminated petitioner's parental rights to the child.[3] It is from the November 1, 2019, dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such

---

[2]The DHHR alleged that petitioner admitted to living on "someone's couch," but he failed to provide an address.

[3]The child's mother's parental rights were also terminated. The permanency plan is for T.H. to be adopted by his current foster family.

child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in not providing him a post-dispositional improvement period because "the main issue in this matter is sobriety" and during his several months of incarceration he "should have achieved sobriety." Further, petitioner contends he was ready to fully participate in an improvement period upon his release. Upon our review, we find that petitioner is not entitled to relief.

Petitioner argues the circuit court erred in terminating his parental rights because he would have substantially complied with an improvement period and corrected the conditions of abuse and neglect. According to petitioner, the only issue that needed to be corrected was substance abuse. However, this argument not only misstates the record but also ignores the myriad of issues for which petitioner was adjudicated. When petitioner's parental rights were terminated, the circuit court noted that the issues that resulted in his prior termination of parental rights had not been corrected. While petitioner argues many of the issues that led to his prior termination stemmed from substance abuse, he did admit at the dispositional hearing that it was due to both substance abuse "and [a] lack of compliance in services." Additionally, other than a bare assertion he could have achieved sobriety during incarceration, petitioner failed to provide any evidence that he had overcome his addiction or otherwise corrected those conditions. Petitioner also failed to participate in services and was incarcerated for much of the time. Finally, the record reflects that petitioner was homeless at the time of the petition's filing and struggled to maintain housing throughout the proceedings. Despite this evidence, petitioner asserts that he would have complied with the terms and conditions of a post-dispositional improvement period.

This Court has held that "a parent charged with abuse and/or neglect is not unconditionally entitled to an improvement period." *In re Emily*, 208 W. Va. 325, 336, 540 S.E.2d 542, 553 (2000). West Virginia Code § 49-4-610(3)(B) provides that the circuit court may grant a parent a post-dispositional improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the miscreant parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). However, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

Petitioner effectively argues that he should have received more time to correct the conditions of abuse and neglect that led to the petition. However, the record reflects that he received an improvement period in his prior abuse and neglect proceeding that was unsuccessful due to his noncompliance. Further, the circuit court found that the conditions of abuse and neglect that led to the prior termination of petitioner's parental rights persisted throughout the current proceedings. Despite this, petitioner argues that the DHHR was not required to make efforts to terminate his parental rights when it did, given that West Virginia Code § 49-4-605(a)(1) requires the DHHR "to seek a ruling in any pending proceeding to terminate parental rights" when

> a child has been in foster care for 15 of the most recent 22 months as determined by the earlier of the date of the first judicial finding that the child is subjected to abuse or neglect or the date which is 60 days after the child is removed from the home

According to petitioner, this did not apply to the child herein. While it is true that the DHHR was not required to seek termination under this statute, this Court has nonetheless previously held that

> "[a]lthough it is sometimes a difficult task, the trial court must accept the fact that the statutory limits on improvement periods *(as well as our case law limiting the right to improvement periods)* dictate that there comes a time for decision, because a child deserves resolution and permanency in his or her life, and because part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life."

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996) (emphasis added). Accordingly, it is clear that, absent either a statutory requirement for the DHHR to seek termination of petitioner's parental rights or a statutory prohibition upon further time for an improvement period under West Virginia Code § 49-4-610(9),[4] our prior holdings governing the circuit court's discretion in granting improvement periods or extensions permitted termination of petitioner's parental rights under the facts of this case.

Finally, based on the evidence of petitioner's sporadic participation and incarceration for most of the proceedings, the circuit court found that he failed to follow through with the DHHR's rehabilitative services. Importantly, this constitutes a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future under West Virginia Code § 49-4-604(c)(3) (2019).[5] On appeal, petitioner asserts that the circuit court's decision to terminate was improper when he was making substantial progress toward reunification. Petitioner contends, for instance, that he was sober during his months of incarceration from May to October of 2019. Even if this Court accepts petitioner's assertion of

---

[4]Pursuant to West Virginia Code § 49-4-610(9), "[n]otwithstanding any other provision of this section, no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months."

[5]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

sobriety—a contention he cannot provide evidence for—he points to no other evidence of compliance or participation throughout the proceedings. Therefore, the circuit court's findings are based on substantial evidence that petitioner was never fully compliant in his prior improvement period and failed to avail himself of many of the services offered in these proceedings. Moreover, the circuit court found that termination of petitioner's parental rights was in the child's best interests. According to West Virginia Code § 49-4-604(b)(6) (2019), circuit courts may terminate parental rights upon these findings. Further, we have long held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). The record shows that the circuit court had ample evidence upon which to base these findings, and we decline to disturb them on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 1, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 25, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison